This morning is U.S. v. Gil-Lopez. May it please the court, Gerardo Gutierrez, on behalf of Luis Miguel, Gil-Lopez. This case comes before us on a denial of the lower court's denial of his 1326d motion where we had asked that the court look at the underlying the Idaho law in question, injury to a child, was a nondivisible case that was decided wrongfully under the modified categorical approach. And we cited the leading Supreme Court case, which is Descamps, which makes clear that deviation from the categorical approach is permitted in only one scenario, and that's where the relevant criminal statute expressly defines more than one offense. And it gives us an example in that case, the burglary to a dwelling versus the an overbroad statute that criminalizes a broad range of conduct for the injury to a child. As you know, this case began when two boys met two girls. The boys were 17, the girls were 15. One of the boys was a Caucasian boy, the other boy was a non-immigrant resident alien. The attorneys who dealt with this case at the time thought they were trying to do this gentleman a service, this boy, young man, a service, by having him plead to a lesser offense. Because at the time, he was charged with a rape. And it made no difference whether it was a statutory rape or a violent rape. The law recognized that if he was convicted of those counts, he would be a sexual offender and he would be subject to deportation. So rather than face that, his counsel advised him to plead to this charge of injury to a child. The problem with the Idaho statute is that in fact it does provide, it is an overbroad statute that criminalizes a broad range of conduct. And the scams was pretty emphatic on that, just as Kagan said. That is the exception, that is the rare exception. You have to determine that a statute is divisible before you can apply the modified categorical approach. Otherwise, it has to be the categorical approach. And that is, if a statute has a broad range of conduct, one which shows willful intent, and another where you can be reckless conduct, then the categorical approach applies and therefore this case is not an aggravated felony. So that was my argument to the lower court. The lower court was confused about the argument. And in some sense, it requires a little bit of balancing of whether we're talking about a statute that is defining two different offenses, or a statute that is defining a broad range of conduct for one offense. Injury to a child. I'm sorry to interrupt the argument about the statutory interpretation, but how do we reach that argument given that in 2004, when the decision was made to remove Mr. Hill, he waived his right to challenge Well, that's a horse of a different color, Judge Pepper, and the reason for that is that we never got to that argument. We never got to argue whether there was a waiver or there was no waiver. As you know, a waiver has to be knowing, and it has to be signed by the individual who says, I knowingly understand that I am waiving my rights. When in fact, his rights to appeal that decision was reserved. Within five days, his attorney sends a note saying my client wants to leave the United States. He's tired of being in custody. He's a 19-year-old kid who doesn't want to be incarcerated. This case was difficult because initially when he pled guilty, his lawyers advised him that this is your first offense. You qualify for boot camp. You're going to be out in less than 12 months, whatever the time was for boot camp. But lo and behold, he gets sentenced to three years, no boot camp because he doesn't qualify for boot camp because he's not a U.S. citizen. Therefore, he's stuck in jail for three years and has a seven-year indeterminative sentence. He's looking at it like, well, does that mean that I have to stay in jail for another seven years fighting this case while in custody? We don't know the situation. He was never allowed to testify as to whether that waiver was a permissible waiver or not, whether that waiver came from him. Certainly it wasn't signed by him. We never reach that level of the argument. I would have loved to have reached that level of the argument. You're giving us reasons why he might have wanted to waive, and maybe that wasn't the best judgment given that he was 19 and he just wanted to get out. Right. But you're explaining why he may have wanted to waive. But what information is there in the record to indicate that the waiver was not knowing or voluntary? Well, the fact that it's signed not by him but by his attorney. I mean, if you're going to purchase a house, your attorney could do a lot of things, but he can't sign for your purchase of that house. Was that process acceptable? I mean, is this something that was routinely done in these courts? I don't know. Did the attorney would sign for the client? I don't know if that's routinely done. I know that when it involves substantial rights for my client, I will drive to wherever I need to get to to get an actual signature from my client. So perhaps, you know, the interesting thing about this is that I'm challenging two very respectable attorneys. The first attorney that he had is now a member of the legislature, and his second attorney that left his case in the middle of the case, she's now a member of the Idaho Supreme Court. So I'm not saying that these attorneys, you know, essentially let him down because immigration law is a very complicated area of law. Is that Labrador? Pardon? Labrador? Labrador? The attorney? Yeah. Yeah. He's a congressman. Congressman, yeah. Yeah, okay. I recognize the name. I didn't... Yeah, he's a congressman now, and I forget the name of the woman judge, but she, I know for a fact, left the case in the middle of the case and went up to the Supreme Court of Idaho. So, and narrowing down to what my argument here is, is that, you know, I know the Seventh Circuit is one of the circuits that has in the past has endorsed the application of the modified categorical approach. I even recognized and cited to the district court where they seem almost aghast at my argument, saying, you know, I don't understand it. But really what it says is that you have to apply the categorical approach, and if the drafters of legislation want to make a statute that is so overbroad that includes both aggravated and, you know, reckless behavior, then the consequences is for purposes of deportation, for purposes of removal, for purposes of the armed career offender statute, you know, they take it as is, unless they're specifically defining two separate offenses, one to a house or one to a building. In this case, it would be one to a child or one to a teenager. You know, if they're defining the different age groups that certain things would apply. I know that one of the things that Judge Shader pointed out is that this argument that I was making only dealt with the argument for a child care provider, a day care provider. But that is not a different offense. That's the same offense that's required by different conduct. So it is an overbroad statute. There's so many ores in that statute. You'd think you were mining for something. There's so much ores in that statute. Counsel, your time is expired. Thank you, Judge. Mr. Strano. May it please the court, my name is Timothy Strano. I represent the United States in this case. The district court properly denied the motion to dismiss the indictment. As the district court properly found and correctly found, the defendant's Idaho conviction for injury to child qualified as an aggravated felony. But in addition to that, as the government argued below, the defendant also failed to demonstrate the other requirements that he must do under 8 U.S.C. 13-2060. That is, that show that he's exhausted his available administrative remedies, to show that he was deprived of judicial review in the deportation and removal proceedings, and then to show that the removal order was fundamentally unfair. More specifically, addressing those in order. First, Mr. Hill Lopez never filed a motion to reopen in the removal proceedings. He never appealed to the BIA. Instead, as your Honor noted, he waived his right to appeal, and in actually the letter in which his attorney sent to the immigration proceedings, he has to be removed as soon as possible. There is no evidence in the record, your Honor, of anything to the contrary. There was no affidavit submitted to the court from the defendant indicating that that was not his signature, that it was a fraud, or that he never agreed to that document. The defendant also failed to demonstrate that he was deprived of judicial review. In fact, he had the opportunity to file a petition for writ of habeas corpus under 28 U.S.C. 2241. He had seven days to do so before he was removed. He did not. Lastly, the order was not fundamentally unfair. Getting to the issue that counsel talked about, whether or not it qualified as an aggravated felony, the court appropriately found, the district court appropriately found that it did, and appropriately found that the immigration judge was correct. And the reason is this. Counsel talks about day camp. According to United States v. Baptiste, this circuit's opinion, you apply the law at the time of the removal. Day camp came nine years later. So under the law at the time of the removal in August of 2004, the Idaho conviction for injury to child qualified as an aggravated felony. But in addition to that, if you look at the statute at issue in day camp that Justice Kagan was talking about, that was a California penal code defining burglary. It had no wars in it, to use counsel's phrase. It was a broad statute. This statute, the Idaho statute, has at least two different ways for someone to violate it. And this court has said in United States v. Woods that a divisible statute is one that can be divided or can be violated in numerous ways. Lastly, your honors, even if the court was incorrect about the aggravated felony issue, the defendant was otherwise removable because his conviction also qualified as a crime of child abuse under immigration law. He was otherwise removable, why? I'm sorry, your honor. He would have otherwise been removable under immigration law because this Idaho conviction qualified it as a crime of child abuse. And so even if it wasn't an aggravated felony. Child abuse? Yes, your honor, child abuse under 8 U.S.C. 1227.  Correct, your honor. He would still have been removable under that statute. He would not have suffered prejudice, which is the last prong of 1326D. Unless the panel has any questions, we would ask the court to confirm the conviction and sentence. Thank you. Thank you. Time has expired. The case will be taken under advisement.